**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| COMMUNITY JUSTICE CLINIC, ADHAM AMIN HASSOUN, and NICOLE HALLETT<br><br>*Plaintiffs*,<br><br>v.<br><br>DEPARTMENT OF JUSTICE and DEPARTMENT OF HOMELAND SECURITY,<br><br>*Defendants*. | Civil Action No. 19-cv-309 |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

**INTRODUCTION**

1. This is an action under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), seeking the release of records concerning Adham Amin Hassoun, a man held in indefinite immigration detention at the Buffalo Federal Detention Facility in Batavia, New York. Plaintiffs' FOIA requests have been pending for five months and not a single record has yet been disclosed. The records are urgently needed in order to challenge Mr. Hassoun's ongoing detention. Without the records, Mr. Hassoun will suffer a significant deprivation of procedural due process rights and will be prevented from challenging the lawfulness of the government's ongoing and potentially endless deprivation of his fundamental liberty interests.

**PARTIES**

2. Plaintiff Community Justice Clinic is a component of the Clinical Legal Education Program at the University at Buffalo School of Law in Buffalo, NY. The Community Justice Clinic represents Plaintiff Adham Amin Hassoun in challenging his unlawful detention. The Community

Justice Clinic, through its Director, Nicole Hallett, filed this FOIA request seeking records regarding Mr. Hassoun.

3. Plaintiff Adham Amin Hassoun is a stateless Palestinian man currently held in detention at the Buffalo Federal Detention Facility on a final order of removal. The government has been unable to remove him for nearly 18 months because no country, including Lebanon, the country of his birth, has been willing or able to receive him. Through this action and the underlying FOIA requests, Mr. Hassoun seeks records concerning his own prior immigration proceedings and his immigration file.

4. Plaintiff Nicole Hallett is Director of the Community Justice Clinic and represents Mr. Hassoun in his *habeas corpus* proceedings. Plaintiff Hallett filed the FOIA requests at issue in this action seeking records regarding Mr. Hassoun.

5. Defendant Department of Justice ("DOJ") is a department of the executive branch of the United States government and is an "agency" within the meaning of 5 U.S.C. § 552(f)(1). The Executive Office of Immigration Review ("EOIR"), which holds the records Plaintiff has requested, is a component of the DOJ.

6. Defendant Department of Homeland Security ("DHS") is a department of the executive branch of the United States government and is an "agency" within the meaning of 5 U.S.C. § 552(f)(1). United States Citizenship and Immigration Services ("USCIS"), which holds the records Plaintiff has requested, is a component of the DHS.

**JURISDICTION AND VENUE**

7. The Court has jurisdiction over this action under 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

8. Venue is proper in this district under 5 U.S.C. § 552(a)(4)(B) because Plaintiffs resides in this district.

# FACTS

**EOIR FOIA**

9. By letter dated September 26, 2018, Plaintiffs submitted a FOIA request ("the EOIR Request") seeking all documents in the custody or control of EOIR concerning Mr. Hassoun and, in particular, all records related to his prior immigration proceedings in Immigration Court. A copy of the EOIR Request is attached as **Exhibit A**.

10. The EOIR Request sought expedited processing because substantial due process rights would be impaired by failure to obtain records immediately.

11. In particular, the EOIR Request explained that Mr. Hassoun had, by then, already been held in indefinite, post-final order detention in a federal facility for over 10 months. The records were necessary in order for Mr. Hassoun to challenge the lawfulness of his detention in habeas corpus proceedings. That remains true. Mr. Hassoun is still in indefinite detention, despite an order from this Court finding that his detention was unlawful under the test announced in *Zadvydas v. Davis*, 538 U.S. 678 (2001), because there is no prospect of his removal to a third country in the reasonably foreseeable future. Despite that ruling, the government seeks to continue to detain Mr. Hassoun and has invoked regulations purporting to authorize indefinite, potentially permanent detention of on account of "special circumstances." 8 C.F.R. § 241.14(d). The records sought here are essential in order for Mr. Hassoun to challenge his detention under that regulation.

12. The EOIR Request sought disclosure of records in electronic format.

13. Attached to the EOIR Request was a privacy waiver signed by Plaintiff Hassoun under penalty of perjury authorizing Defendant DOJ to release any and all records concerning him to Plaintiffs Hallett and Community Justice Clinic, which represents Mr. Hassoun.

14.     By letter dated October 1, 2018, EOIR acknowledged receipt of the EOIR Request (the "EOIR Acknowledgement of Receipt"). A copy of the EOIR Acknowledgment of Receipt is attached as **Exhibit B.**

15.     The EOIR Acknowledgment of Receipt stated that due to "unusual circumstances" EOIR was extending the ordinary 20-working-day deadline to respond to FOIA requests by an additional 10 days. The EOIR Acknowledgment of Receipt also stated that the EOIR Request had been placed in the "simple track" of EOIR's multi-track processing system, and that such requests typically receive a response in about 28 business days. It further stated that if EOIR intended to place the Request into the "complex" track, which typically take longer to process, EOIR would notify Plaintiff of that determination in a separate letter.

16.     The EOIR Acknowledgment of Receipt did not respond to Plaintiffs' request for expedited processing.

17.     The EOIR Acknowledgment of Receipt did not purport to make any determinations subject to administrative appeal, and did not include any "notice of the right of the requester to appeal to the head of the agency." 5 U.S.C. § 552(a)(6)(A)(i)(III)(aa).

18.     Plaintiffs have received no further correspondence from EOIR or DOJ regarding the Request.

19.     Plaintiffs have repeatedly inquired about the status of the EOIR Request by phone.

20.     During to a phone call to EOIR's FOIA office on February 8, 2019, a FOIA officer indicated only that the request was still being processed. The officer was not able to provide an estimated date of completion. She asked that Plaintiffs follow up in one week for further information.

21. During a phone call one week later, on February 15, 2019, a FOIA officer indicated that the office would attempt to respond to the EOIR Request within one week, but that it might well take longer than that.

22. Plaintiffs have received no further response from EOIR or DOJ.

23. More than five months have passed since Plaintiffs filed their EOIR Request, well beyond all deadlines prescribed by FOIA. Plaintiffs have received no records in response to the EOIR Request, nor any explanation as to why responsive records are exempt from disclosure or otherwise subject to withholding. Plaintiffs have received no response to their request for expedited processing. Plaintiffs have received no response to their request to receive records in electronic format. Plaintiffs have received no notice regarding any expected fees in connection with the request.

24. Because Defendant DOJ has failed to comply with the deadlines prescribed by FOIA, Plaintiffs have constructively exhausted their administrative remedies. 5 U.S.C. § 552(a)(6)(C).

25. Because of the agency's dilatory response, and because these documents are essential in order for Mr. Hassoun to meaningfully contest the legality of his prolonged and potentially permanent detention, Plaintiffs bring this action seeking to compel immediate disclosure of the requested records.

**USCIS FOIA**

1. On October 4, 2018, Plaintiffs submitted a FOIA request to USCIS using the form G-639, which USCIS has created to streamline the FOIA request process. A copy of the USCIS Request is attached as **Exhibit C.**

2. In the FOIA request, Plaintiffs requested "all documents" related to the subject, Adham Amin Hassoun. Mr. Hassoun signed a privacy release consenting to the release of the records.

3. On October 16, 2018, USCIS acknowledged receipt of the Request (the "USCIS Acknowledgement of Receipt"). A copy of the USCIS Acknowledgment of Receipt is attached as **Exhibit D.**

4. The USCIS Acknowledgment of Receipt stated that due to "unusual circumstances" the agency was extending the ordinary 20-working-day deadline to respond to FOIA requests by an additional 10 days. The USCIS Acknowledgment of Receipt also stated that the USCIS Request had been placed in the "complex track" because the request required the agency to "locate, compile, and review responsive records from multiple offices, both at headquarters and in the field."

5. The USCIS Acknowledgment of Receipt did not purport to make any determinations subject to administrative appeal, and did not include any "notice of the right of the requester to appeal to the head of the agency." 5 U.S.C. § 552(a)(6)(A)(i)(III)(aa).

6. Plaintiffs have received no further correspondence from USCIS or DHS regarding the Request.

7. More than five months have passed since Plaintiffs filed their request, well beyond all deadlines prescribed by FOIA. Plaintiffs have received no records in response to the USCIS Request, nor any explanation as to why responsive records are exempt from disclosure or otherwise subject to withholding. Plaintiffs have received no notice regarding any expected fees in connection with the request.

8. Because Defendant DHS has failed to comply with the deadlines prescribed by FOIA, Plaintiffs have constructively exhausted their administrative remedies. 5 U.S.C. § 552(a)(6)(C).

9. Because of the agency's dilatory response, and because these documents are essential in order for Mr. Hassoun to meaningfully contest the legality of his prolonged and potentially permanent detention, Plaintiffs bring this action seeking to compel immediate disclosure of the requested records.

## CAUSES OF ACTION

### FIRST CLAIM FOR RELIEF
**(Violation of FOIA for failing to expedite Plaintiffs' EOIR Request)**

26. Plaintiffs repeat, reallege, and incorporate the allegations in the foregoing paragraphs as though fully set forth herein.

27. Defendant DOJ's refusal to expedite the Request violates FOIA, 5 U.S.C. § 552(6)(E).

### SECOND CLAIM FOR RELIEF
**(Violation of FOIA for failing to respond to Plaintiffs' Requests)**

28. Plaintiffs repeat, reallege, and incorporate the allegations in the foregoing paragraphs as though fully set forth herein.

29. Defendants' failure to timely respond to the Request violates FOIA, 5 U.S.C. § 552(a)(6)(A), and Defendants' corresponding regulations.

### THIRD CLAIM FOR RELIEF
**(Violation of FOIA for failing to make records available)**

30. Plaintiffs repeat, reallege, and incorporate the allegations in the foregoing paragraphs as though fully set forth herein.

31. Defendants' failure to make a reasonable effort to search for records responsive to the Request violates the FOIA, 5 U.S.C. § 552(a)(3)(C), and Defendantss regulations.

32.     Defendants' failure to make available the records sought by the Request violates FOIA, 5 U.S.C. § 552(a)(3)(A), and Defendants' corresponding regulations.

33.     Defendants' withholdings of specific responsive records, or portions thereof, violates FOIA, 5 U.S.C. § 552(a)(3)(A), (6)(A), and Defendants' corresponding regulations.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court:

(1)     Order Defendants immediately to conduct a search for all records responsive to the Requests.

(2)     Order Defendants immediately to disclose the requested records in their entireties.

(3)     Declare whether any FOIA exemptions claimed prior to or in the course of this litigation are proper, and order disclosure of all non-exempt records and non-exempt portions of records;

(4)     Order Defendants to produce the records in electronic format;

(5)     Declare that Plaintiffs are entitled to expedited processing of the EOIR Request;

(6)     Order Defendants to complete processing of the Requests expeditiously;

(7)     Award Plaintiffs their costs and attorney's fees pursuant to 5 U.S.C. § 552(a)(4)(E); and

(8)     Grant any other relief as this Court may deem just and proper.

Dated: March 7, 2019
Buffalo, New York

Respectfully submitted,

/s/Jonathan Manes
Jonathan Manes
Nicole Hallett
UNIVERSITY AT BUFFALO SCHOOL
  OF LAW
507 O'Brian Hall, North Campus
Buffalo, NY 14260-1100
Tel: (716) 645-6222
Fax: (716) 645-6199
jmmanes@buffalo.edu